FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br>       v.<br>JEREMIAH DALE FULLER,<br>       Defendant. | NO. 2:14-CR-0090-SAB<br><br>**ORDER GRANTING MOTION TO CLARIFY OR MODIFY CONDITIONS OF SUPERVISED RELEASE** |

Before the Court is Defendant's Motion to Clarify or Modify Conditions of Supervised Release, ECF No. 56. Defendant is represented by Molly Winston. The United States is represented by James Goeke.

Defendant asks the Court to clarify Special Condition No. 22 and approve his proposed move to a new residence, or in the alternative modify Special Condition No. 22 pursuant to 18 U.S.C. § 3583(e) by reducing the distance restriction from 300 feet to 240 feet.

Special Condition No. 22 currently states: "You must not reside or loiter within 300 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades." Defendant asks the Court to make findings of facts regarding the distance between a school and his proposed residence. He urges the Court to find that the distance between the two locations is more than 300 feet away. Defendant reports that United States Probation Officer Chris Heinen calculates the distance as 240 feet.

**ORDER GRANTING MOTION TO CLARIFY OR MODIFY CONDITIONS OF SUPERVISED RELEASE** ~ 1

Defendant also indicates that the United States Probation defers to the Court and counsel for the Government has not yet provided a position.

Rather than make a factual finding regarding the distance between the school and the proposed residence, the interests of justice support the Court modifying Special Condition No. 22 to restrict the distance to 240 feet. Defendant's compliance and consistency in attending sex offender and substance abuse treatment demonstrate that he is not a danger to the public. He has the support of his girlfriend and allowing him to move will promote successful reintegration into the community. Good cause exists to modify Special Condition No. 22. The Court intends that Defendant be permitted to move into the proposed residence.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Clarify or Modify Conditions of Supervised Release, ECF No. 56, is **GRANTED**.

2. Defendant's Motion to Expedite, ECF No. 57, is **GRANTED**.

3. Special Condition No. 22 is modified as follows:

You must not reside or loiter within 240 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and the United States Probation Office.

**DATED** this 23rd day of September 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO CLARIFY OR MODIFY CONDITIONS OF SUPERVISED RELEASE** ~ 2