PROB 12C
(6/16)

Report Date: February 23, 2022

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2022

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Jeremiah Dale Fuller | Case Number: 0980 2:14CR00090-SAB-1 |
| Address of Offender: | Spokane, Washington 99208 |

Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: November 20, 2014

| | | |
|---|---|---|
| Original Offense: | Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A) | |
| Original Sentence: | Prison - 60 Months; TSR - 240 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | David Michael Herzog | Date Supervision Commenced: March 14, 2019 |
| Defense Attorney: | Payton B. Martinez | Date Supervision Expires: March 13, 2039 |

### PETITIONING THE COURT

**To issue a SUMMONS.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. |

**Supporting Evidence**: Mr. Fuller is alleged to have violated standard condition number 6 by failing to advise the undersigned officer about a change in employment, previously occurring on or about February 4, 11, and then again on February 22, 2022.

On March 14, 2019, Mr. Jeremiah Fuller signed his conditions relative to case number 2:14CR00090-SAB-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Fuller was made aware by his U.S. probation officer that he was required to notify the undersigned officer at least 10 days prior to any change in residence or employment.

Specifically, on February 4, 2022, the undersigned officer began receiving automated notifications from the client's installed cellular monitoring software, currently utilized as approved by the Court based on the modification of conditions dated March 15, 2019. The notifications appeared to substantiate that the client had been terminated from his place of employment due to a number of reasons. The client then reported illness, and over approximately the next week, the client and the undersigned officer corresponded as to his health while he waited to receive the results of a previously submitted COVID-19 test.

Prob12C
Re: Fuller, Jeremiah Dale
February 23, 2022
Page 2

On February 11, 2022, another notification was received in which it was determined that the client had received a text message advising about a recently received pay stub from People Ready, a temporary employment agency in Spokane. On February 14, 2022, Mr. Fuller was contacted telephonically and confronted as to the information received. Mr. Fuller subsequently admitted to having been terminated from his previous employer, although indicated that the termination had occurred on or about February 10, 2022, stating it had occurred "last Thursday". Mr. Fuller further admitted to having worked on one occasion for People Ready in Spokane, during which he was assigned to clean tables after an event at the Spokane Arena. As a part of the discussion, Mr. Fuller was reminded about his obligation to advise the undersigned officer as to any change in employment, both as required by his conditions and so that a determination could be made as to whether third party notification would be required specific to his criminal history. Mr. Fuller indicated his understanding.

On February 22, 2022, a review of the client's Internet history by the undersigned officer was done after receipt of a notification indicating that the client had been having contact with a party known to both the client and the undersigned officer to have a felony record. As a part of the review, it was determined that the client had been employed delivering groceries. Mr. Fuller had not previously advised the undersigned officer of said employment, and on February 22, 2022, Mr. Fuller reported to the U.S. Probation Office as directed. Mr. Fuller was asked about any current employment or income and he denied any. Mr. Fuller was then confronted as to the information learned. Mr. Fuller ultimately admitted to delivering groceries, further indicating that he had not considered the work as employment due to the minimal amount of time he was engaged in the work, and due to the limited income that he was receiving. Mr. Fuller was unable to provide a reason as to why he had not disclosed the position when questioned about current income, and he indicated he had been involved in the behavior for approximately the last week.

2 **Standard Condition #9**: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Supporting Evidence**: Mr. Fuller is alleged to have violated standard condition number 9 by having continued contact with a party known to him to have a felony record, as having occurred on multiple occasions and most recently occurring on or about February 21, 2022.

On March 14, 2019, Mr. Jeremiah Fuller signed his conditions relative to case number 2:14CR00090-SAB-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Fuller was made aware by his U.S. probation officer that he was required to refrain from contact with parties known to him to have a felony record or to be engaged in criminal conduct, without permission from the undersigned officer.

On February 21, 2022, the undersigned officer received an automated notification from the client's installed cellular monitoring software, currently utilized as approved by the Court based on the modification of conditions dated March 15, 2019, indicating that he had been communicating using text messaging with a party known to him to have as criminal history. Specifically, in June 2021, both the client and the party in question were in fact the target of a police investigation in which the party was seen entering a previous residence belonging to the client, and at the time of the incident remained leased under the client's name. The client indicated the party had snuck into the house, and no charges were filed relative to the matter. Mr. Fuller was subsequently contacted about the incident and notified as to the

Prob12C
Re: Fuller, Jeremiah Dale
February 23, 2022
Page 3

client's status as a convicted felon, and contact between the parties was not appropriate, which the client at the time of the incident indicated his understanding.

On February 22, 2022, Mr. Fuller reported to the U.S. Probation Office as directed, at which time the client initially admitted to only speaking with the party regarding purchasing some cigars from him. Mr. Fuller then amended his statement to include ongoing contact with the party on a number of occasions, to include when he was previously homeless. Mr. Fuller indicated he had deleted the conversations in order to hide his contact with the party from his girlfriend.

Mr. Fuller indicated that he had forgotten the previous conversation he had with this officer as to his requirement to not have contact with the party, but advised regardless he should have known that the party had a criminal history, as he was aware of the contact's previous placement in treatment. Mr. Fuller additionally admitted to deleting conversations from his phone on a regular basis.

The U.S. Probation Office respectfully recommends the Court **issue a SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    February 23, 2022

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[x]   The Issuance of a Summons
[ ]   Other

_Stanley A. Bastian_

Signature of Judicial Officer

2/24/2202

Date