PROB 12C
(6/16)

Report Date: March 27, 2023

## United States District Court

### for the

### Eastern District of Washington

**Petition for Warrant or Summons for Offender Under Supervision**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2023

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: Jeremiah Dale Fuller | Case Number: 0980 2:14CR00090-SAB-1 |
| Address of Offender: ▆▆▆▆▆▆▆▆▆▆ Spokane, Washington 99201 | |
| Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge | |
| Date of Original Sentence: November 20, 2014 | |
| Original Offense: Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A) | |
| Original Sentence: Prison - 60 Months; TSR - 240 Months | Type of Supervision: Supervised Release |
| Revocation Sentence: (July 7, 2022) Prison - 5 Months; TSR - Ordered to expire March 13, 2039 | |
| Asst. U.S. Attorney: David Michael Herzog | Date Supervision Commenced: November 15, 2022 |
| Defense Attorney: Carter Liam Powers Beggs | Date Supervision Expires: March 13, 2039 |

### PETITIONING THE COURT

**To issue a WARRANT.**

On November 18, 2022, Mr. Jeremiah Fuller signed his conditions relative to case number 2:14CR00090-SAB-1, indicating he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. |
| | **Supporting Evidence**: Mr. Fuller is alleged to have violated mandatory condition number 3, by ingesting fentanyl on or about March 17, 2023, based on both urinalysis testing and the client's admission of such use. |
| | Specifically, On March 17, 2023, at 7:04 p.m., the undersigned officer received a voice mail from the client indicating that after returning home following employment, he had laid down and fallen asleep, ultimately missing his random urinalysis test on the day in question. On March 20, 2023, Mr. Fuller was contacted by the undersigned officer using text messaging, |

Prob12C
Re: Fuller, Jeremiah Dale
March 27, 2023
Page 2

and he was directed to report to the U.S. Probation Office for urinalysis testing on the day in question. Mr. Fuller committed to doing so. At 4:26 p.m., the undersigned officer received a call from the client who advised that he did not believe he would be able to report for testing as directed, as he had returned home after employment and realized his car battery was dead.

Mr. Fuller was confronted about his apparent avoidance of the undersigned officer and questioned as to why he would travel home after employment given the requirement he submit to urinalysis testing. The undersigned officer confronted Mr. Fuller with this officer's opinion that he had relapsed and was attempting to avoid detection. Mr. Fuller ultimately admitted he had in fact relapsed, further indicating his car battery also died on March 17, 2023, and the individual who assisted him in jumping the car had offered him fentanyl, which he was unable to refuse.

Mr. Fuller ultimately reported on the day in question just prior to 5 p.m., and did provide a urinalysis sample that tested presumptive positive for both fentanyl and methamphetamine. Mr. Fuller denied intentional use of methamphetamine, although advised later that he felt as though the fentanyl may have been "cut" with the substance. Mr. Fuller did sign a drug use admission form and the sample was forwarded to the lab for verification.

2         **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Fuller is alleged to have violated standard condition number 13 by failing to report as directed on Friday, March 24, 2023.

Specifically, on March 23, 2023, in response to the client's previous admission of ingesting fentanyl on or about March 17, 2023, Mr. Fuller was directed to report to the U.S. Probation Office on March 24, 2023, to sign a waiver of hearing to modify conditions form allowing client's inpatient placement. This recommendation at that time was endorsed by the undersigned officer, following a previous updated assessment by his primary chemical dependency provider who assessed the client as meeting an inpatient level of care. Mr. Fuller committed to reporting as directed and indicated his ability to report between 3-3:30 p.m. following employment.

Mr. Fuller subsequently failed to report as directed. On March 27, 2023, Mr. Fuller contacted the undersigned officer telephonically, following the undersigned officer's attempt to reach him using the same means which had previously gone without response. Mr. Fuller initially indicated that he did not remember the directive, but after further dialogue, admitted to having recalled the directive and having forgotten to report as directed, indicating that he was trying to prepare himself for inpatient placement.

3         **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Fuller is alleged to have violated standard condition number 13 by deleting text message conversations from his cellular device in direct conflict with a directive previously provided to him by the undersigned officer that he does not do so, to

Prob12C
Re: Fuller, Jeremiah Dale
March 27, 2023
Page 3

allow for proper device monitoring consistent with his conditions of supervised release. Mr. Fuller is alleged to have deleted conversations from his cellular device on a multitude of occasions, to include on March 23, 24, and 25, 2023.

Specifically, on March 27, 2023, the undersigned officer received a weekly summary of notifications and alerts originating from the client's monitoring software installed on his cellular device, consistent with the client's conditions of supervised release as imposed.

During review of this document, numerous concerns were identified to include primarily two flagged text messages that appeared to substantiate the client's dialogue with another party surrounding his acquisition of pills. Two specific text messages were of notable concern. The first sent to the client on March 23, 2023, at 10:40 p.m., states in part, "hey bro check it out I ordered these pills I've already paid for them I don't have the money to be doing this man I really need you to come out here and buy these pills." The text continues, "I've already paid for the pills now I need you to pay me for him please don't do me like this man I'm begging you cuz you know we don't have the money to be fucking around like this." On March 24, 2023, at 6:44 p.m., a text message sent to the client by the same party states in part "I'll look and if I can come across any because people downtown you can usually run into somebody who's getting rid of them or want to trade." Phone calls and other text messages were also observed as having occurred between the parties surrounding other topics.

In response to the notifications received, the undersigned officer attempted to view any additional content captured by the client's installed monitoring software and observed that the client had deleted conversations on multiple occasions, to include the conduct as having occurred on March 23, 24, and 25, 2023. Specifically, the software itself logs the client's option to delete the conversations, which he then selects and the software then confirms deletion of the conversation.

Mr. Fuller has been previously and specifically directed to not delete content from his device during previous contacts and most recently during his previous term of supervised release, after the behavior was admitted by Mr. Fuller during past reviews of his device.

The U.S. Probation Office respectfully recommends the Court **issue a <u>WARRANT</u>** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    March 27, 2023

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

**Prob12C**
**Re: Fuller, Jeremiah Dale**
**March 27, 2023**
**Page 4**

THE COURT ORDERS

[ ]   No Action
[x]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial Officer

3/27/2023
_____
Date